IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TransCore, LP and TC License, Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> Electronic Transaction Consultants Corporation, <br><br> Defendant. | § § § § § § § § § § § § <br><br> Civil Action No. 3-05-cv-2316-K <br><br> Jury Trial Demanded |

# ETCC's Answer to TransCore's Complaint for Patent Infringement

Defendant, Electronic Transaction Consultants Corporation ("ETCC") hereby answers the complaint of Plaintiffs, TransCore, L.P. and TC License, Ltd. ("TransCore"), and pleads ETCC's Affirmative Defenses as follows:

## JURISDICTION AND VENUE

1.   This is a civil action for patent infringement, injunctive relief, and damages arising under the Acts of Congress relating to patents, 35 U.S.C. § 1, et. seq. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and 1338(a).

**Answer:**   ETCC admits that the Complaint purports to state claims for patent infringement, injunctive relief, and damages under the patent laws of the United States.  ETCC denies that TransCore is entitled to any relief whatsoever.  ETCC does not contest jurisdiction.

2.   Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and 1400(b). Upon information and belief, Defendant has engaged in the complained of activities in this Judicial District.

**Answer:**   ETCC does not contest venue.

## THE PARTIES

3.       Plaintiff TransCore, LP is a Delaware corporation whose principal place of business is in Hummeistown, Pennsylvania.

**Answer:**       ETCC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies them.

4.       Plaintiff TC License, Ltd. is a Delaware corporation whose principal place of business is in Hummeistown, Pennsylvania.

**Answer:**       ETCC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore denies them.

5.       Defendant Electronic Transaction Consultants Corporation ("ETC") is a Texas corporation whose principal place of business is 1200 Executive Drive East, Suite 100, Richardson, Texas 75081.

**Answer:**       Admitted.

6.       TransCore is informed and believes, and on that basis alleges, that ETC has ongoing and systematic contacts with this Judicial District, and has placed the products accused of infringement herein into the stream of commerce knowing and expecting that such products would end up in this Judicial District.

**Answer:**       ETCC admits that it has ongoing and systematic contacts with this Judicial District. ETCC denies that it has placed any infringing products into any stream of commerce.

## ANSWER TO COUNT FOR PATENT INFRINGEMENT

7.       TransCore hereby incorporates by reference each of Paragraphs 1-6 of this Complaint as though fully set forth herein.

**Answer:**       ETCC hereby incorporates by reference its answers to paragraphs 1-6 of the Complaint as though fully set forth herein.

8. On November 25, 2003, U.S. Patent No. 6,653,946 ("the '946 patent") was duly and legally issued by the United States Patent and Trademark Office. TransCore is the owner of the entire right, title and interest in and to the '946 patent. A true and correct copy of the '946 patent is attached hereto as Exhibit 1.

**Answer:** ETCC admits that United States Patent Number 6,653,946 issued on November 25, 2003. ETCC denies that the '946 patent duly and legally issued to TransCore. ETCC is without sufficient information to form a belief as to TransCore's alleged ownership interest in the '946 patent, and therefore denies this allegation. ETCC denies that '946 patent is valid or enforceable.

9. On September 8, 1998, U.S. Patent No. 5,805,082 ("the '082 patent") was duly and legally issued by the United States Patent and Trademark Office. TransCore is the owner of the entire right, title and interest in and to the '082 patent. A true and correct copy of the '082 patent is attached hereto as Exhibit 2.

**Answer:** ETCC admits that United States Patent Number 5,805,082 issued on September 8, 1998. ETCC denies that the '082 patent duly and legally issued to TransCore. ETCC is without sufficient information to form a belief as to TransCore's alleged ownership interest in the '082 patent, and therefore denies this allegation. ETCC denies that '082 patent is valid or enforceable.

10. On April 11, 1995, U.S. Patent No. 5,406,275 ("the '275 patent") was duly and legally issued by the United States Patent and Trademark Office. TransCore is the owner of the entire right, title and interest in and to the '275 patent. A true and correct copy of the '275 patent is attached hereto as Exhibit 3.

**Answer:** ETCC admits that United States Patent Number 5,406,275 issued on April 11, 1995. ETCC denies that the '275 patent duly and legally issued to TransCore. ETCC is without sufficient information to form a belief as to TransCore's alleged ownership interest in

the '275 patent, and therefore denies this allegation. ETCC denies that '275 patent is valid or enforceable.

11. On February 22, 1994, U.S. Patent No. 5,289,183 ("the '183 patent") was duly and legally issued by the United States Patent and Trademark Office. TransCore is the owner of the entire right, title and interest in and to the '183 patent. A true and correct copy of the '183 patent is attached hereto as Exhibit 4.

**Answer:** ETCC admits that United States Patent Number 5,289,183 issued on February 22, 1994. ETCC denies that the '183 patent duly and legally issued to TransCore. ETCC is without sufficient information to form a belief as to TransCore's alleged ownership interest in the '183 patent, and therefore denies this allegation. ETCC denies that '183 patent is valid or enforceable.

12. On information and belief, ETC has manufactured, used, sold and/or offered for sale one or more toll collection products, systems and/or services, the manufacture, use, sale and/or offer for sale of which infringes the '946 patent, the '082 patent, the '275 patent and the '183 patent (collectively "the patents-in-suit"). On information and belief, the accused infringing products, systems and/or services include, but may not be limited to, those provided via ETC's project for the Illinois State Toll Highway Authority ("ISTHA") to "provide a new toll collection system for ISTHA's tollway facilities," including "incorporate automatic vehicle identification and automatic vehicle classification technology." A webpage from ETC's Internet website <etcc.com> describing the ISTHA project is attached hereto as Exhibit 5.

**Answer:** ETCC admits that it does business with ISTHA and that TransCore has attached an exhibit to its complaint purporting to be from ETCC's website. ETCC denies all other allegations in paragraph 12. ETCC denies that it has infringed any of the patents-in-suit in any way.

13. On information and belief, ETC has induced others to infringe each of the patents-in-suit by encouraging and promoting the use, manufacture, sale and/or offer for sale by others of one or more of the accused infringing products, systems and/or services.

**Answer:** Denied.

14. On information and belief, ETC had notice and actual knowledge of each of the patents-in-suit before the filing of this suit, and the infringement of each of the patents-in- suit was willful and deliberate.

**Answer:** Denied.

15. TransCore has been damaged by ETC's infringement of each of the patents-in-suit in an amount to be determined at trial. Furthermore, by these acts, ETC has irreparably injured TransCore and such injury will continue unless ETC is enjoined by this Court.

**Answer:** Denied.

## RESPONSE TO REQUESTED RELIEF

ETCC denies that TransCore is entitled to any relief whatsoever, whether or not prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

ETCC hereby serves the following affirmative defenses, without assuming the burden of proof where such burden does not rest with ETCC:

### First Affirmative Defense

ETCC has not and does not willfully or otherwise infringe, contribute to infringement of, or actively induce others to infringe, either literally or by application of the doctrine of equivalents, any claim of the patents-in-suit.

### Second Affirmative Defense

The patents-in-suit are invalid and/or unenforceable because they fail to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, *et seq*.

### Third Affirmative Defense

TransCore's claims against ETCC are barred by the doctrine of laches, waiver, and/or equitable estoppel.

**Fourth Affirmative Defense**

By reason of the arguments presented during the prosecution of the applications for the patents-in-suit, TransCore is estopped from construing the claimed inventions of such patents (or any equivalent thereof) as applying to any product or service made, used, sold, or offered for sale by ETCC.

**Fifth Affirmative Defense**

TransCore has granted licenses and/or covenants not to sue which cover the accused systems, some of the asserted patents, and alleged infringement. Any alleged infringement by ETCC is authorized under the first sale doctrine and/or an implied license.

**Sixth Affirmative Defense**

TransCore has sought and obtained a recovery for infringement by the accused systems and therefore Transore is barred from obtaining a second recovery in this action.

**Seventh Affirmative Defense**

Transcore has knowingly and intentionally permitted the sale and use of the allegedly infringing systems in other installations throughout the United States for a number of years without any enforcement of its alleged patent rights. Transcore is therefore estopped from now asserting its alleged patent rights.

**PRAYER FOR RELIEF**

WHEREFORE, ETCC respectfully requests that the Court:

Enter judgment declaring that ETCC has not infringed or contributed to or induced the infringement of any claim of the patents-in-suit;

Enter judgment declaring that the patents-in-suit are invalid;

Find that this case is "exceptional" within the meaning of 35 U.S.C. § 285 and award to ETCC its costs and attorneys' fees incurred in this action; and

Award ETCC such further relief as the Court may deem just and proper.

## JURY DEMAND

ETCC hereby demands a trial by jury on all issues.

Dated: May 11, 2006                                     Respectfully submitted,

/s/ Phillip B. Philbin
Phillip B. Philbin
Texas State Bar No. 15909020
John R. Emerson
Texas State Bar No. 24002053
HAYNES AND BOONE, L.L.P.
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Tel: 214-651-5000
Fax: 214-651-5940

ATTORNEYS FOR DEFENDANT, ELECTRONIC TRANSACTION CONSULTANTS CORPORATION

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing ETCC's Answer to TransCore's Complaint for Patent Infringement was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on the 11th day of May, 2006.

| | |
|---|---|
| William A. Robinson<br>Stephen M. Lobbin<br>Ronald Coslick<br>FOLEY & LARDNER LLP<br>2029 Century Park East, Suite 3500<br>Los Angeles, California  90067-3021 | *Via ECF* |
| Bruce S. Sostek<br>THOMPSON & KNIGHT L.L.P.<br>1700 Pacific Avenue, Suite 3300<br>Dallas, Texas  75201 | *Via ECF* |

                                                /s/ Phillip B. Philbin
                                                Phillip B. Philbin